# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY ALLEN PURSLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-13-600-HE |
| ) | |
| GRADY COUNTY DISTRICT ) | |
| COURT, et al., ) | |
| ) | |
| Respondent. ) | |
| ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A response to the petition has been filed, as well as a reply. Accordingly, the matter is at issue and ready for disposition. For the following reasons, it is recommended that the petition be **DENIED** as untimely.

By this action, Petitioner challenges his conviction upon a plea of guilty to possession of a controlled dangerous substance while in the presence of a minor under the age of twelve, or within 1000 feet of a park or a school. Petition, 1. Upon his conviction, Petitioner received a four-year, suspended

sentence of imprisonment. Case No. CF-2009-263, District Court of Grady County; Petition, 1; Response, Ex. 8 (Order Affirming Denial of Application for Post-Conviction Relief). Petitioner did not move to withdraw his guilty plea or file a direct appeal. Petition, 2.

On November 28, 2011, Petitioner's suspended sentence was revoked. *See* Case No. CF-2009-263, District Court of Grady County; Response, Ex. 3. Petitioner did not appeal from the revocation of his sentence. *See* Response, Ex. 1 p. 2.

However, Petitioner filed a "Motion for Amended Sentence" in the state district court on September 27, 2012. Response, Ex. 4. The motion was denied on October 11, 2012. Response, Ex. 1 p. 18. On October 25, 2012, Petitioner filed another application for post-conviction relief in which he raised the same issues as those in his motion for amended sentence. *See* Response, Exs. 4-5. The state district court denied the motion on the same day it was filed, noting that "The Court has previously ruled on the issues presented in said application by Order dated and filed October 11, 2012." Response, Ex. 5 p. 21. Petitioner did not appeal from either of these denials of post-conviction relief.

Petitioner filed another application for post-conviction relief in the state district court on January 3, 2013. Response, Ex. 7. The state district court

denied the application on January 28, 2013, and Petitioner appealed. Response, Ex. 1 p. 3. On May 2, 2013, the Oklahoma Court of Criminal Appeals affirmed the state district court's denial of Plaintiff's January 2013 application for post-conviction relief. Response, Ex. 8. Case No. PC-2013-193, Oklahoma Court of Criminal Appeals.

Petitioner raises two grounds in support of his application for federal habeas relief. In Ground One, Petitioner claims that he entered a plea of guilty to the possession of CDS within 1000 feet of a park or school on his attorney's advice, and that neither his lawyer nor the state district court advised him that his sentence would be more severe than one for simple possession. Petition, 5. In particular, that had he known that possession in proximity to a school or park required him to serve 50% of his sentence he would not have pleaded guilty. Memorandum Brief in Support of Habeas Corpus, 11. In Ground Two, he alleges ineffective assistance of trial counsel. *Id.* at 12. He claims that his counsel failed to file any pre-trial motions, presented no evidence, and did not request a presentence report. *Id.*

The Response to Petition for Writ of Habeas Corpus (Response) raises two defenses. ECF No. 10. First, that the claims are untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA). Response, 2. Second,

3

Respondent argues that Petitioner's claim that he did not know he was to serve 50% of his sentence is unexhausted but subject to denial on the merits. Response, 6. For the reasons set forth below, the undersigned finds the petition to be untimely; because this is dispositive of the action, it is unnecessary to consider either exhaustion or the merits of Petitioner's claims.

## AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for habeas actions. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C) or (D), the limitations period generally begins to run from the date on which the conviction becomes final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

In his reply, Petitioner states that his petition is timely under § 2244(d)(1), but does not otherwise explain or indicate which subsection of that statute governs the timeliness analysis. Petitioner's Reply, 2. Petitioner contends that on November 28, 2011, the district court heard the State's motion to revoke his suspended sentence and that Petitioner pleaded guilty. Memorandum in Support of Habeas Corpus, 1. He goes on to allege that his plea was not voluntary, but he is obviously referring to his *original* plea of guilty—not his plea to the revocation application. Petitioner argues that his guilty plea was not knowingly or intelligently made because he did not understand that possession of a CDS in certain proximity to a school or park required him to serve 50% of his sentence before being eligible for earned credits, that the state district court did not ensure that Petitioner had possessed CDS within 1000 feet or a park or school before accepting Petitioner's guilty plea, and that his counsel did not challenge the evidence as to proximity. *Id.* at 1, 8-9, 12-13. Because Petitioner is challenging his original sentence rather than the revocation of that sentence, the

5

date of his original judgment and sentence triggers the running of the AEDPA limitations period. *Lowe v. Dinwiddie*, 163 Fed. Appx. 747, 749 (10th Cir. Jan. 19, 2006) (where challenge is to original sentence rather than the revocation, the revocation does not bestow additional time to challenge original sentence). The state district court imposed Petitioner's original sentence on August 10, 2010. Response, Ex. 1 p. 2.

The undersigned has considered whether Petitioner's claims might implicate 28 U.S.C. § 2244(d)(1)(D). However, even assuming that this provision governs when the AEDPA limitation period began to run, it would not change the applicable dates here because Petitioner would have been aware of the circumstances of his plea and his trial counsel's alleged ineffective assistance at the same time the state trial court sentenced him.[1] Petitioner has not alleged anything else to suggest that subsections (B), (C), or (D) apply to the petition, so its timeliness will be evaluated from the date Petitioner's conviction became final by the expiration of the time for seeking direct review.

As noted above, the state district court imposed Petitioner's original sentence on August 10, 2010. Response, Ex. 1 p. 2. Petitioner had ten days from

---

[1]To the extent Petitioner is alleging discovery of the *legal significance* of a fact as opposed to discovery of the factual predicate itself, he is relying on ignorance of the law with regard to his claims which would not excuse prompt filing. *Davis v. Roberts*, 425 F.3d 830, 836 (10th Cir. 2005); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

6

that date to move to withdraw his guilty plea. *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. As he did not, his conviction became final for limitations purposes on August 20, 2010. *Fisher v. Gibson,* 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's three convictions pursuant to guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction, citing Rule 4.2). Therefore, the one-year limitations period began to run on August 21, 2010, and absent any tolling expired on August 21, 2011. *See Haws v. Jorgensen*, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted)); *Malone v. State,* Nos. 03-6246, 03-6175, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (one year limitations period should be calculated using anniversary date method). The petition herein was filed on June 10, 2013, which is almost two years after the limitations period expired. Petition, 2. Thus, absent statutory or equitable tolling, the petition is untimely.

**STATUTORY TOLLING**

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent

7

judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period will toll it. See *Fisher*, 262 F.3d at 1142-43. Thus, although Petitioner filed an application for post-conviction relief, it did not toll the running of the AEDPA limitations period because Petitioner did not file it until September 27, 2012, over a year after expiration of the limitations period.

## EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh*, 223 F.3d at 1220. A habeas petitioner bears the burden to demonstrate that equitable tolling applies. *Cooper v. Bravo*, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing *Miller*, 141 F.3d at 978).

The only fact that could even arguably support a claim of equitable tolling is Petitioner's claim that neither counsel nor the state district court

8

informed him that he would not be eligible to receive earned credits until serving 50% of his sentence. However, ignorance "of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *See Marsh*, 223 F.3d at 1220 (denying equitable tolling based on a pro se prisoner's ignorance of the law). Accordingly, the undersigned finds that Petitioner's alleged failure to understand the legal consequences of pleading guilty to possession of a CDS within 1000 feet of a park or school is not a "rare and exceptional" circumstance that warrants equitable tolling. *Gibson*, 232 F.3d at 808.

Even if Petitioner could show rare and extraordinary circumstances justifying some equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims, which he fails to do. *See id.; Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, Petitioner did not pursue a direct appeal of either his original plea or his revocation proceeding. He did not seek any state post-conviction relief until six months after his original sentence had been

revoked. Even after denial of his post-conviction application was affirmed on appeal, Petitioner waited over a month to institute this action. Petitioner was aware or could have been aware of the facts underlying the claims he raises in this action when the state trial court sentenced him on August 10, 2010. Petitioner has not offered any explanation for his tardiness, and in fact appears to acknowledge it. *See* Petitioner's Reply, 1. Accordingly, the undersigned finds that Petitioner has not diligently pursued his state or federal remedies.

## RECOMMENDATION

In light of the foregoing, it is recommended that the Petition for a Writ of Habeas Corpus, **ECF No. 1**, be **DENIED** as untimely. Petitioner is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **November 8, 2013**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on October 22, 2013.

*Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE