# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ROY ALLEN PURSLEY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-13-0600-HE |
| | ) | |
| GRADY COUNTY DISTRICT COURT, *et al.*, | ) ) | |
| | ) | |
| Respondents.[1] | ) | |

## ORDER

Petitioner Roy Allen Pursley, a state prisoner appearing *pro se*, filed this action under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Shon T. Erwin, who has recommended that the petition be denied as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner has filed an objection to the Report and Recommendation.

Petitioner pleaded guilty to possession of a controlled dangerous substance while in the presence of a minor under the age of twelve, or within 1000 feet of a park or a school. On August 10, 2010, he was sentenced to a four year prison term, three years of which were suspended.[2] Doc. #10-2. His suspended sentence was revoked on November

---

[1] *Although the petitioner sued Grady County District Court and the State of Oklahoma as respondents, the Attorney General noted in his response to the petition that the proper party defendant was Janet Dowling, the Warden of the James Crabtree Correctional Facility, where petitioner is currently incarcerated.*

[2] *It is unclear whether the entire sentence was suspended or only part of it, but the distinction does not matter for purposes of resolving petitioner's § 2254 motion. Compare Doc. Nos. 10-2 and 10-3.*

28, 2011, and petitioner was sentenced to four years imprisonment. Petitioner did not move to withdraw his guilty plea or appeal either his guilty plea or sentence revocation. Petitioner's applications seeking post-conviction relief in state court were denied and he then sought federal habeas relief, asserting his trial counsel was ineffective in conjunction with his pretrial proceedings, plea and his sentencing.

The magistrate judge concluded that, because petitioner was challenging his original sentence, rather than the revocation of that sentence, AEDPA's one year limitations period ran from the date his original judgment and sentence became final, pursuant to 28 U.S.C. § 22244(d)(1)(A).[3] As petitioner did not move to withdraw his guilty plea, the magistrate judge determined that petitioner's conviction became final for limitations purposes on August 20, 2010. Absent tolling, the limitations period expired on August 21, 2011.

While the magistrate judge recognized that the one-year period is subject to both statutory and equitable tolling,[4] he concluded there was no statutory tolling as petitioner's post-conviction applications were filed after the one-year limitations period had passed. He also concluded that petitioner failed to show the extraordinary circumstances and

---

[3]*The magistrate judge noted that, while petitioner had not alleged any basis for concluding that any subsection other than (A) of 28 U.S.C. § 2244(d)(1) should govern the commencement of AEDPA's one-year limitations period, even if § 2244(d)(1)(D) applied, the petition would still be untimely.*

[4]*Although petitioner apparently recognized there was a limitations issue and offered a basis for equitable tolling in his petition – his counsel's failure to file a timely appeal–the magistrate judge noted that petitioner would also have the opportunity to address the timeliness issue by filing an objection to the Report and Recommendation.*

required diligence in pursuing his claims for habeas relief that are required for the limitations period to be equitably tolled.

> The petitioner filed an objection to the Report and Recommendation stating:
>
> The report and recommendation finding was that Petitioner's Petition was untimely, and there was no consideration given as to the exhaustion or merits of Petitioner's claims.
>
> Under these circumstances, Petitioner objects to the Report and Recommendation, in accordance with 28 U.S.C. Section 636 and Federal Rule of Civil Procedure 72.

Doc. #13. Petitioner's objection fails to identify any error in the Report and Recommendation. He also has failed to show a basis for the application of any subsection of §2244(d)(1) other than § 2244(d)(1)(A), or provide any reason why his claims are subject to statutory or equitable tolling.[5]

The court finds no error in the magistrate judge's analysis and concurs with his determinations that petitioner did not file his habeas petition within AEDPA's one year limitations period and has not demonstrated a basis for tolling the limitations period.

Accordingly, the court adopts Magistrate Judge Erwin's Report and Recommendation and denies the habeas petition as being barred by the statute of limitations. The court also denies a certificate of appealability, as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[5] Although petitioner's pleadings are liberally construed because of his pro se status, he still must make "specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2).

2253(c)(2).

**IT IS SO ORDERED**.

Dated this 3rd day of December, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE